RULE 556.  INDICTING GRAND JURY

**(A)** Each of the several courts of common pleas may proceed with an indicting grand jury pursuant to these rules only in cases in which witness intimidation has occurred, is occurring, or is likely to occur.

**(B) Any court of common pleas seeking to resume the use of indicting grand juries pursuant to these rules shall petition the Supreme Court of Pennsylvania in the following form:**

> **(1) The petition shall identify the petitioner, who shall be either the president judge or a designee, and the judicial district.  If the petition is seeking permission to resume the use of indicting grand juries in a two-county judicial district, and the indicting grand jury is sought for only one county, that county shall be identified in the petition.  The president judge's designee shall be a member of the court of common pleas of the judicial district.**

> **(2) The petition shall aver that the petitioner has reviewed the district attorney's certificate required under paragraphs (B)(4) and (5) and the petitioner agrees with the averments contained therein.**

> **(3) An original and 2 copies of the petition shall be filed, and shall bear an original signature of the petitioner.**

> **(4) There shall be appended to the petition a certificate from the district attorney for the judicial district or, in the case of a two-county judicial district, a certificate from the district attorney or district attorneys for the county or counties within the judicial district.**

> **(5) The district attorney's certificate shall contain:**

> > **(a) the name and county of the district attorney;**

> > **(b) an averment that witness intimidation has occurred, is occurring, or is likely to occur in the judicial district or, in the case of a two-county district where an indicting grand jury is sought for only one county, the county;**

> > **(c) An averment that the district attorney believes that an indicting**

**grand jury will remedy the problem of witness intimidation; and**

**(d) the original signature of the district attorney.**

COMMENT: This rule was adopted in 2012 to permit the use of an indicting grand jury as an alternative to the preliminary hearing but only in cases in which witness intimidation has occurred, is occurring, or is likely to occur.

The Supreme Court, by Order issued with the promulgation of the new Rules of Criminal Procedure governing the indicting grand jury, requires that each of the judicial districts must petition the Court for permission to resume using the indicting grand jury, **but only** as provided in these rules. **By further Order of the Supreme Court, the form and contents of the petition were established. *See* 43 *Pa.B.* 1706 (March 30, 2013). This rule was amended in 2015 to include the form and contents of the petition required to resume indicting grand juries as established by the Court's Order.**

The rules in Chapter 5 Part E apply only to the indicting grand jury and do not apply to any county, regional, or statewide investigating grand jury.

NOTE: New Rule 556 adopted June 21, 2012, effective in 180 days **[.] ; amended September 8, 2015, effective November 1, 2015.**

\*          \*          \*          \*          \*          \*

*COMMITTEE EXPLANATORY REPORTS:*

*Final Report explaining the new rule published with the Court's Order at 42 Pa.B. 4140 (July 7, 2012).*

***Final Report explaining the September 8, 2015 amendment regarding the content of the petition to resume using indicting grand juries published with the Court's Order at 45 Pa.B.          (          , 2015).***